# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: R.W.

No. 17-0260 (Jefferson County CC-19-2015-JA-42)

FILED

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother P.B., by counsel Nancy A. Dalby, appeals the Circuit Court of Jefferson County's February 14, 2017, order terminating her parental rights to R.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), William Prentice Young, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts to achieve reunification of the family in the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, petitioner gave birth to twins, one of whom died at birth. The surviving child, R.W., was born after only twenty-six weeks of gestation and testing identified opiates in his umbilical cord. Due to the complications from his birth, the child remained hospitalized until October of 2015. While the child was hospitalized, the DHHR provided parenting services and transportation to petitioner and the father. Despite the DHHR's efforts, petitioner continued to test positive for drugs and failed to fully utilize the services offered. As a result, the DHHR filed an abuse and neglect petition against petitioner and the father in October of 2015 that alleged petitioner abused and neglected the child by virtue of her substance abuse and failure to visit the child enough to form a bond during his hospitalization.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In December of 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to abusing drugs while pregnant with the child. The circuit court granted petitioner a post-adjudicatory improvement period that was later extended, despite petitioner's positive drug screens.

In June of 2016, the circuit court held a status hearing and extended petitioner's improvement period again. At the time, petitioner was attending inpatient substance abuse treatment. The following month, petitioner successfully completed the inpatient program. However, three days after completing the program, petitioner tested positive for alcohol. She then tested positive for alcohol again the following month. Moreover, petitioner refused to submit to multiple drug screens between September of 2016 and November of 2016. Further, petitioner failed to follow up with intensive outpatient treatment, as recommended by the inpatient program. The circuit court held a status hearing in September of 2016, during which the DHHR moved for the matter to proceed to disposition due to petitioner's noncompliance with the terms of her improvement period.

In November of 2016, the circuit court held a dispositional hearing. The DHHR presented testimony from a caseworker regarding petitioner's failure to fully complete substance abuse treatment, including her failure to follow the recommendations of her inpatient substance abuse program upon her release. Further, petitioner admitted that she failed to comply with several of the terms and conditions of her improvement period, including her failure to attend outpatient substance abuse treatment and Alcoholics Anonymous meetings and to submit to drug screens. Additionally, the caseworker testified that the DHHR offered petitioner transportation assistance, but that she failed to utilize this service. Petitioner confirmed that she failed to take advantage of the DHHR's transportation services. Further, evidence indicated that petitioner failed to submit to a psychiatric assessment to determine treatment for her various mental health issues. Additionally, the circuit court heard evidence concerning petitioner's request to move the child closer to the Beckley, West Virginia, area. According to the DHHR, the child's serious medical needs, including administration and monitoring of oxygen, monitoring of swallowing to avoid aspiration, and other therapeutic services, required that he remain in his foster placement throughout the proceedings so that he would be in close proximity to the doctors rendering his care. As such, the DHHR refused to move the child from the stability of the foster home during the proceedings. Moreover, the DHHR argued that petitioner's request to move the child illustrated her limited understanding of the severity of the child's condition. During the hearing, petitioner moved for an improvement period as disposition. Ultimately, the circuit court denied petitioner's motion for a new improvement period and terminated petitioner's parental rights to the child.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]Petitioner's parental rights to the child were terminated below, while the child's father voluntarily relinquished his parental rights in July of 2016. The child currently resides in a foster home with a permanency plan of adoption therein.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that by denying her request to move the child to the Beckley, West Virginia, area, the DHHR failed to make reasonable efforts to reunify the family. According to petitioner, requiring her to move back to Jefferson County upon her completion of inpatient substance abuse treatment resulted in returning her to an environment in which she could not remain free of drugs and alcohol. She further argues that living in Jefferson County presented transportation issues that were not at issue in Beckley. The Court, however, finds no merit to these arguments.

To begin, the request to move the child from the stability of his foster home and the care of the medical professionals attending to his numerous medical conditions indicates petitioner's lack of appreciation for the seriousness of the child's medical needs. While petitioner argues that doctors near Beckley could have provided similar care for the child, we find that this argument ignores the fact that remaining in the foster home was clearly in the child's best interests. The record shows that the child's foster family provided him with excellent care, including the monitoring of oxygen and swallowing, in addition to generally attending to the child's heightened needs. Moreover, it is important to note that the DHHR's refusal to move the child had no bearing on petitioner's willful failure to participate in the services offered below. While petitioner makes much of the transportation issues she suffered, the record is clear that the DHHR not only offered to assist petitioner with transportation, but that she failed to take advantage of such services. As such, petitioner's argument that transportation issues led to her noncompliance with services is disingenuous, as she could have easily remedied this problem by accepting the DHHR's assistance.

Further, petitioner provided no evidence, other than her own self-serving statements, to show how living in Jefferson County caused any of her failures to comply with the DHHR's services. On the contrary, it is clear that petitioner chose not to participate in these services, as she refused to consistently submit to drug screens for approximately three months prior to the dispositional hearing, undergo a psychiatric evaluation to determine appropriate treatment for her mental health issues, and participate in outpatient substance abuse treatment. According to

petitioner, she qualified as an individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 126. As such, this designation qualified her for additional time to comply with services below. The Court, however, does not find this argument compelling. Given that petitioner willfully refused to comply with the services offered below, it is unclear how additional time would have resulted in her compliance, even if she had established that she was entitled to protection under the ADA, which she did not. In fact, the record shows that the DHHR took every possible step to accommodate petitioner's many needs, including offering a psychiatric evaluation to determine appropriate treatment for her mental health issues. Instead of taking advantage of these services, petitioner complained of a lack of transportation while readily admitting that she did not utilize the DHHR's offered transportation to attend services. As such, we find no error in this regard.

West Virginia Code § 49-4-604(c)(3) states that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

While it is true that petitioner completed inpatient substance abuse treatment during the proceedings below, she failed to comply with almost all of the DHHR's requirements upon her completion of that program. As such, the record supports the circuit court's findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the child's wellbeing. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. We have also held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604]. . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the record is clear that it was petitioner's willful refusal to participate in services, not the DHHR's refusal to relocate the child, that resulted in the termination of her parental rights, we find no error in this regard.

Finally, petitioner argues that the circuit court's findings at disposition were insufficient. We do not agree. According to West Virginia Code § 49-4-604(b)(6)(C)(iv), a circuit court's dispositional order shall include findings that address "[w]hether or not the [DHHR] made

4

reasonable efforts to . . . reunify the family, or some portion thereof, including a description of what efforts were made or that those efforts were unreasonable due to specific circumstance . . . ."[3] Here, the circuit court spent several paragraphs in its dispositional order outlining the various services the DHHR offered petitioner during the proceedings below, including the offered psychiatric and outpatient substance abuse treatments, before finding that the DHHR made reasonable efforts to reunify the family. While it is true that the circuit court's order does not contain findings as to why relocating the child was inappropriate, such findings were unnecessary to satisfy the statutory requirement of setting forth the ways in which the DHHR made efforts to assist petitioner in reunification with the child.

Further, while it is true that the circuit court did not make specific findings concerning petitioner's motion for an improvement period as disposition, the record is clear that the circuit court's findings regarding disposition were sufficient in this regard. In order to be granted an improvement period as disposition when a parent has previously had an improvement period, West Virginia Code § 49-4-610(3)(D) requires that "the [parent] demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period . . . ." Here, petitioner could not satisfy either burden, as evidenced by the circuit court's findings. Petitioner had not experienced a substantial change in circumstances, given that she continued to either avoid or fail substance abuse screens shortly before the dispositional hearing. Moreover, given the circuit court's extensive findings regarding her inability to substantially correct the conditions of abuse and neglect in the near future, it is clear that petitioner could not show that she was likely to fully participate in an improvement period. As such, it is clear that the circuit court's dispositional order contained the requisite findings of fact.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 14, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Petitioner also argues that the circuit court failed to make appropriate findings under West Virginia Code § 49-4-604(b)(5)(C). However, the circuit court did not impose disposition under West Virginia Code § 49-4-604(b)(5), but instead under subsection (b)(6). As such, this code section is inapplicable to the current matter.